1

2

3

4

5

6

7 **IN THE DISTRICT COURT OF GUAM**

8

9 UNITED STATES OF AMERICA,                             CRIMINAL CASE NO. 15-00064

10                  Plaintiff,

11                  vs.                                **ORDER AND DECISION**
**RE MOTION TO DISMISS**

12 BERNARD J. MENDOZA,                          **THE INDICTMENT**

13                  Defendant.

14

15        This matter is before the court on Defendant Bernard J. Mendoza's Motion to Dismiss the

16 Indictment. *See* ECF Nos. 46 and 49. The court heard said motion on May 9, 2016, and for

17 reasons discussed more fully herein, the court sets forth the bases for its decision in **DENYING**

18 Defendant's Motion to Dismiss the Indictment.

19    **I. DISCUSSION**

20        On December 16, 2015, Defendant Bernard J. Mendoza (hereinafter Defendant) was

21 charged with Attempted Possession of Methamphetamine with Intent to Distribute, in violation

22 of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). *See* ECF No. 1. The United States alleges that a

23 package containing methamphetamine and marijuana was mailed from Colorado to Guam.[1] *See*

24

---

[1] As these facts have not been proven at trial, they are merely allegations. However, to give context to the case, the

1

ECF No. 52, at 1-2. Said package was addressed to an individual named Ken Dustan, but the package actually belonged or was sent to Defendant, who is in Guam. *Id.* at 2.

On March 25, 2016, Defendant filed the instant motion, seeking the court to dismiss the Indictment "on the ground that the Court is without jurisdiction because the offense with which he is charged is cognizable only in the State and district of Colorado." *See* ECF No. 46. The core of Defendant's argument is that the Sixth Amendment does not apply to Guam.[2] *See* ECF No. 49, at 1-4. Defendant also challenges the venue, citing to 18 U.S.C. § 3237(a), and arguing that Guam is not a district. *See* ECF No. 49 at 4.

**a. The Sixth Amendment applies to Guam.**

The Sixth Amendment of the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of *the State and district wherein the crime shall have been committed*, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI (emphasis added).

The Sixth Amendment specifically refers to an "impartial jury of the State and district wherein the crime shall have been committed." Defendant argues that because Guam is neither a State nor a district, this court does not have jurisdiction over him and therefore, the Indictment should be dismissed.

---

court relies on the United States' factual information.

[2] In Defendant's memorandum in support of his motion to dismiss, he relies on a district court's decision in *Conde Vidal v. Garcia-Padilla*, Civ. No. 14-1253, 2016 WL 901899 (D.P.R. Mar. 8, 2016). *See* ECF No. 49, at 1. At the May 9, 2016 hearing, Defendant informed the court that he is no longer relying on *Conde Vidal*. Without discussing in great length why the *Conde Vidal* decision is inapplicable in this case, the court notes that *Conde Vidal* has been overturned by the First Circuit. *See In re Conde Vidal*, No. 16-1313, 2016 WL 1391897, at *1 (1st Cir. Apr. 7, 2016).

2

1    The U.S. Constitution gave the U.S. Congress the authority to legislate laws and to "make

2    all needful Rules and Regulations respecting the Territory[.]" *See* U.S. CONST. ART. IV, § 3, cl. 2.

3    In accordance with its constitutional authority, Congress established the Organic Act of Guam,

4    which sets forth Guam's Bill of rights. *See* 48 U.S.C. § 1421b. Therein, subsection (g) of §

5    1421b, provides that "[i]n all criminal prosecutions the accused shall have the right to a speedy

6    and public trial; to be informed of the nature and cause of the accusation and to have a copy

7    thereof; to be confronted with the witnesses against him; to have compulsory process for

8    obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

9    While subsection (g) is not a mirror image of the Sixth Amendment, subsection (u)

10   applies the Sixth Amendment to Guam in its entirety. Subsection (u) provides in pertinent part

11   that "[t]he following provisions of and amendments to the Constitution of the United States are

12   hereby *extended to Guam* to the extent that they have not been previously extended to that

13   territory and *shall have the same force and effect there as in the United States or in any State of*

14   *the United States*: . . . *the first to ninth amendments inclusive . . . .*" (emphasis added). This

15   language could not be any clearer. Although Guam is a territory and not a State, subsection (u)

16   applied the Sixth Amendment to Guam with "the same force and effect [in Guam] as in the

17   United States or in any State of the United States[.]" *Id.*

18   Not only does the Sixth Amendment apply to Guam in its entirety with the same force

19   and effect as in the United States or in any State of the United States, but Congress also

20   established this court—the District Court of Guam, which "shall have the jurisdiction of a district

21   court of the United States, including, but not limited to, the diversity jurisdiction provided for in

22   section 1332 of title 28, and that of a bankruptcy court of the United States." 48 U.S.C. §

23   1424(b). Although this court was established under Article IV and not under Article III and it

24   may not have been enumerated as a "District Court" under Chapter 5 of Title 28 of the United

3

States Code (Sections 81-131),[3] Section 1424(b) of Title 48 of the United States Code could not be any clearer as to this court having the same jurisdiction as a district court of the United States.

The United States Supreme Court recognized said jurisdiction in *Territory of Guam v. Olsen*. In that case, the issue presented before the court concerned appellate jurisdiction of the District Court from decisions of local courts in matters arising under local law. *Olsen*, 431 U.S. 195, 200 (1977). The Supreme Court, however, noted that the "District Court of Guam shall have the jurisdiction of a district court of the United States[.]" *Id.*

Consistent with the United States Supreme Court, the Ninth Circuit has held that pursuant to 48 U.S.C. § 1424, the District Court of Guam has jurisdiction to hear criminal cases involving violations of federal law. *United States v. Santos*, 623 F.2d 75, 76 (9th Cir. 1980).

Based on the foregoing, the court finds that the Sixth Amendment applies to Guam and that this court has jurisdiction over Defendant.

### b. Venue in Guam is Proper.

Pursuant to 18 U.S.C. § 3237(a), "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves."

Defendant argues that Guam is not a district and therefore the crime must be prosecuted in Colorado, citing to *United States v. Pariseau*, 685 F.3d 1129 (9th Cir. 2012) and *United States*

---

[3] Chapter 5 of Title 28, U.S.C., governs the district courts of the United States.

4

*v. Smith*, No. CR. 2:12-241 WBS, 2013 WL 6065336, at *1 (E.D. Cal. Nov. 13, 2013). *See* ECF No. 49, at 4-5. As discussed above, the District Court of Guam "shall have the jurisdiction of a district court of the United States[.]" 48 U.S.C. § 1424(b). *See also Olsen*, 431 U.S. at 200. Therefore, the court finds that Guam is a district.

In this case, the crime began in Colorado when the package in question was mailed from there to Guam. In addition, because the offense involved the use of mail, it was a continuing offense. When the package arrived on Guam, the crime was then completed. Accordingly, Guam is a proper venue because the crime was completed on Guam.

**II. CONCLUSION**

Based on the discussion above, the court hereby **DENIES** Defendant Bernard J. Mendoza's motion to dismiss the Indictment. The court will issue a separate trial scheduling order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Jun 03, 2016**

5